UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GLORIA JONES                                                                                                   PLAINTIFF

vs                                                                       CIVIL ACTION NO.: 3:06cv00608-DPJ-JCS

GENERAL MOTORS CORPORATION,
WILLIAM (BILL) DANIEL D/B/A YAZOO
MOTOR COMPANY, INC., BOBBY GRAY
MANAGEMENT CO., (Individually and as Successor-in-
interest to Yazoo Motor Co.), AND JOHN DOES 1-15                                      DEFENDANTS

ORDER

This products liability case is before the Court on the motion of Plaintiff Gloria Jones seeking remand to state court and an award of costs. Defendant General Motors Corporation ("GM") has responded in opposition alleging that the resident defendants were not properly joined. The Court, having considered the memoranda and submissions of the parties, oral argument, along with the relevant authorities, concludes that Plaintiff's motion to remand should be denied.

I.     FACTS/PROCEDURAL HISTORY

Plaintiff Gloria Jones was injured when the air bag in her 1997 Oldsmobile Cutlass Supreme inadvertently deployed. Plaintiff filed suit in the Circuit Court of Holmes County, Mississippi against GM and the sellers of the car, William (Bill) Daniel d/b/a Yazoo Motor Company, Inc. and Bobby Gray Management Company (collectively the "Dealership"). GM removed the case claiming diversity of citizenship and Plaintiff moved to remand. The parties agree the amount in controversy exceeds $75,000; therefore, the issue before the Court is whether the Mississippi residents were properly joined in this action.

II.     ANALYSIS

"The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F.App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Lab.s*, 408 F.3d 177, 183 (5th Cir. 2005)).  In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant." *Love v. Ford Motor Co.*, 212 F.App'x 292, 294 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

The Court evaluates the factual allegations in the light most favorable to the plaintiff and resolves all ambiguities in controlling state law in the plaintiff's favor. *Lorenz*, 211 F.App'x at 246; *see also Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).  "In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge." *Love*, 212 F.App'x at 294, n.3 (citing *Smallwood*, 385 F.3d at 573).  However, the Court may, in its discretion, "'pierce the pleadings and conduct a summary inquiry' to determine whether a plaintiff has 'misstated or omitted discrete facts that would determine the propriety of joinder.'" *Id*.  Importantly, "'a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 574).  As a result, Plaintiff is entitled to prevail on her motion if the Complaint includes any viable claim against the Dealership.

To determine whether Plaintiff has a viable claim against the non-diverse defendants in this case, the Court must address three issues: 1) whether immunity for innocent sellers under Miss. Code Ann. § 11-1-63(h)[1] applies to breach of implied warranty claims brought pursuant to § 75-2-314; 2) whether it would violate Article 4, section 61 of the Mississippi Constitution to apply § 11-1-63(h) to warranty claims; and 3) whether the Dealership qualifies as an innocent seller under § 11-1-63(h).

1. The Scope of 11-1-63(h)

Section 11-1-63(h) provides immunity to innocent sellers "[i]n any action alleging that a product is defective pursuant to paragraph (a)." Miss. Code Ann. § 11-1-63(h). The first issue is whether § 11-1-63(h) is limited to claims pled under § 11-1-63(a) or whether the immunity extends to the types of cases described in § 11-1-63(a) (*i.e.*, all claims, no matter how they are pled, for damages caused by an allegedly defective product other than damage to the product itself). If the former interpretation is correct, then Plaintiff would have a viable claim against the Dealership.

---

[1]Miss. Code Ann. §11-1-63(h) provides:

In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

To resolve this issue, the Court must interpret the statute utilizing the Mississippi rules of statutory construction. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 183 (5th Cir. 2000). In Mississippi,

> [t]he primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent, may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.

*Bailey v. Al-Mefty*, 807 So. 2d 1203, 1206 (Miss. 2001).

The Court need not resort to rules of construction given that the legislature conspicuously stated its intent in the body of the statute: "It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." Miss. Code Ann. § 11-1-63(h). Nevertheless, applying the rules of construction renders the same result.

"Whatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent." *Mississippi Dept. of Transp. v. Allred*, 928 So. 2d 152, 155 (Miss. 2006) (quoting *Pegram v. Bailey*, 708 So. 2d 1307, 1314 (Miss. 1997)). Here, the legislature expressly stated it's intent to "immunize innocent sellers. . .," and the Court must give these words their plain, common sense application. *Balouch v. State*, 938 So. 2d 253, 259-60 (Miss. 2006). Moreover, the statute's professed intent is consistent with the title of the enacting legislation: "An act to . . . provide that a product seller other than a manufacturer *shall not be liable* for a latent defect if the seller is a mere conduit who purchased the product from a reputable manufacturer. . . ." H. B. No. 13, 1st. Ex. Sess. (Miss. 2004) (emphasis added). The title evinces no intent to limit immunity to product claims pled under § 11-1-63(a). *See Tolbert v. Southgate*

*Timber Co.*, 943 So. 2d 90, 97 (Miss. Ct. App. 2006) (courts may look to the title of the legislation to determine legislative intent).

A particularly relevant rule of statutory interpretation counsels against "ascrib[ing] to any statute a construction which would make a part of it, in some cases, meaningless and ineffective if another reasonable construction can be found which would give it meaning and effectiveness in all cases within its purview." *Davis v. Miller*, 202 Miss. 880, 890, 32 So. 871, 873 (Miss. 1947) (citing 50 Am. Jur. *Statutes* § 358, pp. 361-64). Here, Plaintiff's interpretation of § 11-1-63(h) essentially nullifies the statute because immunity from product liability claims would be meaningless if the plaintiff could avoid immunity by merely pleading the same facts as a case for breach of implied warranty. *See Dawson v. Townsend & Sons, Inc.*, 735 So. 2d 1131, 1140 (Miss. Ct. App. 1999) (citing *Sheffield v. Reece*, 28 So. 2d 745 (Miss. 1947)) (construing courts must avoid absurd results).

In addition, "[i]t is a general rule in construing statutes that this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law." *Kelly v. Int'l Games Tech.*, 874 So. 2d 977, 979 (Miss. 2004) (quoting *Secretary of State v. Wiesenberg*, 633 So. 2d 983, 990 (Miss. 1994)); *see also Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 242 (Miss. 2006) (Construction is " aided by looking to the function or the purpose of the rule."). A corollary of this rule allows courts to consider "the developments in the history of the times and the particular characteristics of the specific evil which the new and supplemental statute was designed to curb. . . ." *Fortenberry v. State*, 1 So. 2d 585, 587 (Miss. 1941). Here, § 11-1-63(h) was adopted as part of a broader tort reform bill, and the intent to

immunize innocent sellers was consistent with the overall goals of the bill.  Plaintiff's interpretation would undermine that purpose and policy.

Section 11-1-63(h) arguably could have been drafted more clearly.  Rather than specifically describing those cases in which innocent sellers are immune, the legislature instead used a short-hand reference to § 11-1-63(a)--which itself provides that description.  Still, the intent was clearly stated to immunize innocent sellers from liability in traditional product liability cases.  *See Thornhill v. Ford*, 56 So. 2d 23, 30 (Miss. 1952) ("In construing a statute to give effect to the intent or purpose of the legislature, the object of the statute must be kept in mind, and such construction placed upon it as will, if possible, effect its purpose, and render it valid, even though it be somewhat indefinite.") (quoted in *Evans v. Boyle Flying Serv., Inc.*, 680 So. 2d 821, 825 (Miss. 1996)).

This is not the first case to raise this precise issue.  Like Ms. Jones, the plaintiff in *Collins v. Ford Motor Co.*, 2006 WL 2788564, *1 (S.D. Miss. Sept. 26, 2006), argued that breach of implied warranty claims against innocent sellers survive § 11-1-63(h).  Chief Judge Wingate flatly rejected this interpretation:

> Although it is readily apparent to the court, and the parties, that § 11-1-63(h) expressly immunizes Nichols from liability, plaintiffs, nevertheless, argue that § 11-1-63(h) is not applicable here because their claims against the defendants [breaches of implied warranty] are not contemplated by Mississippi Code Annotated § 11-1-63(a).  The court is not persuaded.

*Collins*, 2006 WL 2788564, at *1 (internal footnote omitted). So too, this Court finds that § 11-1-63(h) immunizes innocent sellers against breach of implied warranty claims brought in product liability actions.[2]

  2.  The Constitutionality of § 11-1-63(h)

Plaintiff argues that even if the legislature intended to fully immunize innocent sellers in this context, § 11-1-63(h) impliedly amends § 75-2-314 and therefore violates Article 4, section 61 of the Mississippi Constitution of 1890. Article 4, section 61 states: "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

As an initial matter, a statute is presumed to be "constitutional unless the challenging party is able to prove unconstitutionality beyond a reasonable doubt. . . ." *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1206 (Miss. 2002) (citing *Miss. Power Co. v. Goudy*, 459 So. 2d 257, 263 (Miss. 1984)). Thus, the statute should be interpreted to avoid constitutional defect if that is possible without doing violence to the language. *Estate of Smiley*, 530 So. 2d 18, 21-22 (Miss. 1988). Plaintiff fails to overcome this presumption with respect to Article 4, section 61.

For at least eighty years, the Mississippi Supreme Court has rejected the argument that Article 4, section 61 precludes implied amendments. In *Hart v. Backstrom*, the court examined the section at length and said:

> "The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effects, and the public, from the difficulty in making the necessary

---

[2] Defendant also argued that the statute of limitations has expired for Plaintiff's implied warranty claims. Because 11-1-63(h) immunizes innocent sellers from such claims, it is unnecessary to address this alternative argument. Moreover, the record before the Court appears to be incomplete on the statute of limitations issue.

7

> examination and comparison, failed to become apprised of the change made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to, but not published, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for the express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation."
>
> . . . .
>
> *"It should be observed that statutes which amend other statutes by implication are not within this provision; and it is not essential that they even refer to acts or sections which by implication they amend."*
>
> . . . .
>
> . . .[T]his court, in *Heidelberg et al. v. Batson, et al.*, 119 Miss. 510, 81 So. 225, in unmistakable terms aligned itself with the courts which hold that such a constitutional provision has no application to amendments by implication.

113 So. 898, 901 (Miss. 1927) (quoting Cooley's Constitutional Limitations (7th Ed.) c. 6, pp. 214 to 216) (emphasis added); s*ee also City of Belmont v. Miss. State Tax Comm'n*, 860 So. 2d 289, 306 (Miss. 2003) (statute may be amended by implication); *Lamar County Sch. Bd. v. Saul*, 359 So. 2d 350 (Miss. 1978) (holding that Public School Fair Dismissal Act could impliedly amend Miss. Code Ann. § 37-9-15); *McCaskill v. State*, 227 So. 2d 847 (Miss. 1969) (finding "no merit" in argument that implied amendment violated section 61).

In this case, § 11-1-63(h) was not enacted "in terms so blind that legislators themselves [would be] deceived in regard to their effects." *Hart*, 113 So. at 901.   As stated above, the legislature's intent to immunize innocent sellers is apparent in the title of the bill and, more importantly, in the text of the statute itself.  Because Article 4, section 61 does not apply to amendments by implication, the Court concludes that application of § 11-1-63(h) to warranty

claims complies with the Mississippi Constitution. This ruling does not, however, resolve the dispute. The question remains whether the Dealership qualifies for "innocent seller" status.

       3.      <u>Dealership's Alleged Negligence</u>

A seller's immunity under § 11-1-63(h) is limited. A conduit seller remains liable when "actively negligent" or when it has "altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought. . . ." Miss. Code Ann. § 11-1-63(h).

Although most of Plaintiff's claims are based on the Oldsmobile's allegedly defective design, paragraph 43 of the Complaint states: "The Defendants were careless and negligent in servicing and/or repairing, the 1997 Oldsmobile Cutlass Supreme. The defendants' negligence put the said vehicle in [an] inherently dangerous condition which resulted in the above mention *[sic]* injuries the Defendant *[sic]* sustained."

As previously stated, "[i]n most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge." *Love*, 212 F.App'x at 294. However, in this case the Court has elected to pierce the pleadings and conduct a summary inquiry because Defendants submitted record evidence that the alleged repairs had nothing to do with the air bag system, a fact that was omitted from the Complaint.

In conducting this summary review, the Court must resolve all disputed questions of fact and ambiguities of law in favor of the party opposing removal. *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). However, the Court does not accept as fact "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365

F.3d 353, 361 (5th Cir. 2004)); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (holding that generic allegations do not meet "even the liberalized requirements that permit notice pleadings"). "[I]n the absence of any proof, [the Court does not] assume that the nonmoving party could or would prove the necessary facts" to support its claims against the non-diverse defendant. *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

In the present case, the parties agree that the Oldsmobile was serviced and repaired by the Dealership. However, GM argues that the Dealership never performed any service work "related to" the Oldsmobile's air bag system and cannot therefore face liability. GM cites *Creel v. General Motors*, 233 So. 2d 105 (Miss. 1970) to support its position. In *Creel*, the plaintiff alleged defect in the car's accelerator assembly. The Mississippi Supreme Court, noting that the local dealership merely installed a "splash shield," found no causal connection and upheld a directed verdict for the dealership. *Id*. at 108.

In *Baggett v. Yamaha Motor Co., Ltd.*, the district court specifically applied § 11-1-63(h) and found an innocent seller was insulated from a plaintiff's product claims. 2006 WL 1520539 *1 (S.D. Miss. May 31, 2006). In *Baggett*, the plaintiff sued the manufacturer and the seller to recover for injuries suffered when the brakes on an all-terrain vehicle (ATV) failed. The plaintiff alleged that the seller "may have performed one or more services to the subject 4-wheeler prior to the alleged brake failures." The court considered the seller's affidavit stating that he had not altered or modified the ATV and concluded: "There is thus no possible basis for applicability of

this exception [for active negligence] to the seller's immunity provided by § 11-1-63(h)." *Baggett*, 2006 WL 152539, at *2.[3]

In the case at bar, Plaintiff concedes that the Dealership did not service or repair the air bag system but argues in her Motion to Remand:  "Even if the Defendants' contention that the vehicle was not serviced for the air bag is true, negligent repairs on other parts of the vehicle may cause the supplemental restraint system to malfunction."  Although Plaintiff  may be correct, her argument falls short.  Plaintiff fails to offer anything other than speculation to either refute GM's proof or to provide factual support for her allegation that the repair work caused the air bag to malfunction.  In the absence of proof, the Court cannot assume that Plaintiff could or would present the necessary facts to establish a viable claim against the Dealership.[4]  *See Badon*, 224 F.3d at 394.  Moreover, the allegation itself is inconsistent with the allegation in Plaintiff's Complaint that the product remained in substantially the same condition after it left GM's hands. *See Baggett*, 2006 WL 1520539, at *1.

Based on the record, the Court concludes that the Dealership was an innocent seller, immune from Plaintiff's claims pursuant to Miss. Code Ann. § 11-1-63(h).  Plaintiff therefore has no viable claim against the non-diverse defendants.

---

[3] GM submitted the affidavit of Robert E. Gray, the president of Bobby Gray Management with its response to the motion to remand.  According to the affidavit, the Dealership never performed any service work "related to" the airbag system.  Defense counsel placed significant emphasis on this evidence arguing that it forecloses any possibility of proving causation.  Because the affidavit and the stated facts are unrebutted in the record, they will be accepted by the Court.  However, the truth of this sworn statement is crucial to the disposition of this motion.  If Plaintiff discovers that the Dealership performed service work or repairs that were "related to" the airbag system, then the Court would entertain a timely motion under Rule 60(b)(3) or (6) of the Federal Rules of Civil Procedure.

[4] Although this case was stayed while a ruling on Plaintiff's Motion to Remand was pending, the order specifically allowed remand-related discovery.  Nothing in the record indicates that Plaintiff took advantage of this opportunity to locate evidence of a causal connection between the service work and the air bag deployment.

11

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Remand is DENIED, and further ordered that the Motions to Dismiss of William (Bill) Daniel d/b/a Yazoo Motor Company, Inc. and Bobby Gray Management Co., Inc are hereby GRANTED.

**SO ORDERED AND ADJUDGED** this the 1th day of June, 2007.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE